IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-116-D
No. 7:19-CV-211-D

| | | |
|---|---|---|
| DAVID FITZGERALD WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 24, 2019, David Fitzgerald Williams ("Williams" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 90-month sentence [D.E. 1465]. On May 1, 2020, the government moved to dismiss Williams's motion [D.E. 1495] and filed a memorandum in support [D.E. 1496]. As explained below, the court grants the government's motion to dismiss and dismisses Williams's section 2255 motion.

I.

On December 11, 2017, pursuant to a plea agreement, Williams pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine base (crack). See [D.E. 875, 876]. On June 19, 2018, the court held Williams's sentencing hearing. The court adopted the facts set forth in the Presentence Investigation Report ("PSR"), and calculated Williams's advisory guideline range to be 87 to 108 months' imprisonment based on a total offense level 27 and criminal history category III. See PSR [D.E. 1036] ¶ 85. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 90 months' imprisonment. See Sentencing Tr. [D.E. 1523] 15–21. Williams did not appeal.

In Williams's section 2255 motion, Williams contends that his counsel was constitutionally ineffective by failing to argue that Williams's cooperation warranted a lower sentence and asks to be resentenced to a lower sentence. See [D.E. 1465] 4, 7–9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam)

2

(quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Williams must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

As for trial counsel's alleged failure to argue that Williams's cooperation warranted a lower sentence, the claim fails as to performance. At Williams's sentencing hearing, Williams's counsel emphasized that Williams accepted responsibility for his drug dealing and was remorseful. See Sentencing Tr. at 6. Counsel also emphasized Williams's education, desire to start a legitimate business after release, family support, and desire to be a better father. See id. at 6–9. Counsel

3

requested an 87-month sentence. Id. at 9. Williams then spoke and expressed remorse for his criminal conduct, his acceptance of responsibility, and his desire to be productive and law-abiding upon release. See id. at 10–11. The Assistant United States Attorney ("AUSA") then spoke and argued for a 90-month sentence. See id. at 11–14. The AUSA discussed the serious nature of the offense, the wiretap evidence against Williams, his family history, his criminal history, and his cooperation. See id. at 11–13. As for Williams's cooperation, the AUSA noted that but for Williams's cooperation, the United States would have recommended more than a 90-month sentence. See id. at 13–14. Defense counsel then discussed Williams's cooperation. He acknowledged that Williams initially made "incorrect" statements to the authorities, but had been fully "truthful" after signing his plea agreement. Id. at 15.

Defense counsel acted reasonably at the sentencing hearing initially emphasizing other section 3553(a) factors, permitting the AUSA to discuss Williams's cooperation, and then discussing Williams's cooperation (including his initial "incorrect" statements). Particularly in light of Williams's initial "incorrect" statements to authorities, counsel acted reasonably in not seeking a downward variance based on Williams's cooperation. Williams has not plausibly alleged deficient performance. See, e.g., Strickland, 466 U.S. at 689–700.

Alternatively, Williams' claim fails as to prejudice. In order to prove prejudice from deficient performance at sentencing, Williams must prove the existence of a reasonable probability that he would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Nothing in the record suggests that if counsel had referenced Williams's cooperation in a different way that there is a reasonable probability of a different sentence. Indeed, this court

4

acknowledged Williams's cooperation in imposing the sentence. See Sentencing Tr. at 18. On this record, Williams has failed to plausibly allege prejudice. See Strickland, 466 U.S. at 694.

After reviewing the claim presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 1495], DISMISSES Williams's section 2255 motion [D.E. 1465], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 13 day of August 2020.

JAMES C. DEVER III
United States District Judge