IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-116-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID FITZGERALD WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

On October 24, 2019, David Fitzgerald Williams ("Williams") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 1517]. As explained below, the court denies Williams's motion.

On December 11, 2017, pursuant to a plea agreement, Williams pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine base (crack). See [D.E. 875, 876]. On June 19, 2018, the court held Williams's sentencing hearing. The court adopted the facts set forth in the Presentence Investigation Report ("PSR"), and calculated Williams's advisory guideline range to be 87 to 108 months' imprisonment based on a total offense level 27 and criminal history category III. See PSR [D.E. 1036] ¶ 85. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 90 months' imprisonment. See Sentencing Tr. [D.E. 1523] 15–21. Williams did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a

sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist

2

under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Williams seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Williams relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 1517] 3–6. Specifically, Williams cites the COVID-19 pandemic, his medical conditions including "chronic kidney disease," high blood pressure, high cholesterol, and gout, the

---

U.S.S.G. § 1B1.13 cmt. n.1.

4

sanitary conditions at USP Lewisburg, and his release plan. See id.; [D.E. 1517-1]; [D.E. 1517-2]; [D.E. 1517-3].

As a preliminary matter, the court assumes without deciding that Williams has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Williams notes that he made a compassionate release request to the warden on June 1, 2020, and has not received a response. [D.E. 1517] 3; [D.E. 1517-2]. The government has not properly invoked section 3582's exhaustion requirements to challenge Williams's representations. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Williams's claims on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that Williams's various maladies and the alleged prison conditions coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Williams's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Williams engaged in serious criminal conduct. For over eight years, Williams participated in a drug trafficking conspiracy and was personally responsible for distributing 283.5 grams of cocaine and 11.376 kilograms of cocaine base (crack). See PSR [D.E. 1036] ¶¶ 8–14. Moreover, Williams is a recidivist with convictions for felony

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

possession of stolen goods or property, employment securities law violation (16 counts), felony deliver schedule II controlled substances (three counts), felony possession with intent to sell and deliver cocaine, and misdemeanor assault with a deadly weapon. See id. at ¶¶ 19–42. Williams has not performed well on supervision. See id. at ¶¶ 41–42. Indeed, Williams twice violated probation in a 2014 state criminal case by committing new criminal conduct. See id. at ¶ 41. Nonetheless, Williams has taken some positive steps while incarcerated and his family supports him. See [D.E. 1517] 7–8; [D.E. 1517-3]. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Williams's arguments, the letter submitted on Williams's behalf, and the need to punish Williams for his criminal behavior, to incapacitate Williams, to promote respect for the law, to deter others, and to protect society, the court declines to grant Williams's motion for compassionate release.

In sum, the court DENIES Williams's motion for compassionate release [D.E. 1517].

SO ORDERED. This 27 day of August 2020.

JAMES C. DEVER III
United States District Judge